J-A17019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
REBECCA JOHNSON :
:
Appellant : No. 2063 EDA 2018

Appeal from the PCRA Order Entered June 8, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000559-2013,
CP-48-CR-0002629-2012, CP-48-CR-0002774-2012

BEFORE: PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 09, 2019**

Appellant, Rebecca Johnson, appeals from the order entered on June 8, 2018, which denied her petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In light of this Court's recent opinion in ***Commonwealth v. Creese***, we are constrained to quash this appeal. ***Commonwealth v. Creese***, ___ A.3d ___, 2019 PA Super 241 (Pa. Super. 2019).

In 2013, a jury found Appellant guilty of a number of crimes at three different docket numbers. Specifically: at docket number CP-48-CR-0000559-2013, the jury found Appellant guilty of second-degree murder;[1] at

_____

[1] 18 Pa.C.S.A. § 2502(b).

docket number CP-48-CR-0002629-2012, the jury found Appellant guilty of (among other crimes) conspiracy to commit robbery, aggravated assault, and possessing an instrument of crime;[2] and, at docket number CP-48-CR-0002774-2012, the jury found Appellant guilty of flight to avoid apprehension, fleeing or attempting to elude a police officer, resisting arrest, and five counts of recklessly endangering another person.[3] On December 5, 2013, the trial court sentenced Appellant to serve a term of life in prison without the possibility of parole for her second-degree murder conviction, followed by an aggregate term of 77 to 216 months in prison for her other convictions. **See** N.T. Sentencing Hearing, 12/5/13, at 14-15.

On March 9, 2015, we affirmed Appellant's judgment of sentence and, on September 29, 2015, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Johnson**, 120 A.3d 1048 (Pa. Super. 2015) (unpublished memorandum) at 1-19, *appeal denied*, 125 A.3d 1199 (Pa. 2015).

On June 6, 2016, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant and counsel later filed an amended petition on Appellant's behalf. On June 8, 2018, the PCRA court finally dismissed Appellant's petition. PCRA Court Order, 6/8/18, at 1.

---

[2] 18 Pa.C.S.A. §§ 903, 2702(a)(1), and 907(a), respectively.

[3] 18 Pa.C.S.A. § 5126(a), 75 Pa.C.S.A. § 3733(a), and 18 Pa.C.S.A. §§ 5104 and 2705, respectively.

- 2 -

On July 3, 2018, Appellant filed timely notices of appeal at each docket number. However, on each notice of appeal, Appellant listed all three trial court docket numbers. Unfortunately, a recent opinion from this Court demands that we quash this appeal in its entirety, as Appellant listed all three trial court docket numbers on each notice of appeal. **See Creese**, 2019 PA Super 241, at \*\*1-6.

The Official Note to Pennsylvania Rule of Appellate Procedure 341 provides that where a single order resolves issues arising on more than one docket, "separate notices of appeal must be filed." Pa.R.A.P. 341 note. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that the Official Note to Rule 341 "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal" from orders that resolve issues arising on more than one docket and that the "failure to do so requires the appellate court to quash the appeal."[4] **Id.** at 976-977.

In **Creese**, a panel of this Court was confronted with a situation where the appeal lay from an order that resolved issues on four docket numbers. The appellant in **Creese** filed four notices of appeal, but each notice was a

---

[4] The **Walker** Court declared that its holding was to be applied prospectively. **Walker**, 185 A.3d at 977. **Walker** was filed on June 1, 2018. Since Appellant filed her notices of appeal on July 3, 2018, **Walker's** holding applies to Appellant's case.

photocopy that "list[ed] all four docket numbers" on the notice.   ***Creese***, 2019 PA Super 241, at *2.  The ***Creese*** Court interpreted ***Walker*** and held:

> We read our Supreme Court's decision in ***Walker*** as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case.  Instead, a notice of appeal may contain only one docket number.

***Id.*** at *5.

The ***Creese*** Court thus quashed the appeal, as the record before it contained "four identical notices of appeal listing all four docket numbers." ***Id.***

The case at bar is materially indistinguishable from ***Creese***, in that Appellant filed three "identical notices of appeal listing all [three] docket numbers." ***See id.***  Therefore, pursuant to ***Creese***, we are forced to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/19